THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00069-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DONALD LEE DOWDLE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 36] and the Government's Motion to Seal Document Containing Medical Records [Doc. 41].

**I.  BACKGROUND**

On April 29, 2021, this Court sentenced the Defendant Donald Lee Dowdle to 92 months' imprisonment, consecutive to any undischarged term of imprisonment, following his guilty plea to possession with intent to distribute methamphetamine.  [Doc. 33].  The Defendant is currently located at FCI Phoenix and his projected release date is April 22, 2027.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last accessed May 18, 2023).

On November 15, 2022, the Defendant submitted a request for compassionate release to the warden of his BOP facility. The warden denied this request on November 30, 2022. [Doc. 36-1]. On December 27, 2022, the Defendant filed the present motion for compassionate release. [Doc. 36]. In his motion, the Defendant requests the appointment of counsel to assist him in making his compassionate release request. [Id. at 9]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order entered December 29, 2022]. The Government filed its response, along with a motion to seal certain medical records, on January 27, 2023. [Docs. 39, 41]. Despite being given the opportunity to do so [see Text-Only Order entered January 30, 2023], the Defendant did not file a reply.

## II. DISCUSSION

### A. Motion for Compassionate Release

The Court may not, as a general matter, "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The only exceptions to this general rule are the exceptions specifically delineated by Congress. One such exception is the compassionate release exception, which gives the Court discretionary authority to reduce a sentence upon a

finding that "extraordinary and compelling reasons warrant" the reduction. Id. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, it appears that the Defendant has sufficiently exhausted his administrative remedies with the BOP by requesting compassionate release from the Warden. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court of Appeals has recognized that the policy statement "remains helpful guidance even when motions are filed by defendants." United States v.

4

Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022) (quoting McCoy, 981 F.3d at 282 n.7). The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant asserts that he has a number of underlying conditions—including obesity, high blood pressure, and an unspecified "terminal illness"—that increase his risk for serious illness or death from COVID-19. [Doc. 36 at 7, 9]. Although the Defendant's obesity (specifically, a body mass index (BMI) of 35.4) is a CDC-recognized risk factor[2] for a more severe response to COVID-19, the BOP medical records indicate that the Defendant already contracted COVID-19 in September 2021, had no significant symptoms, and has fully recovered without significant complications. [Doc. 40 at 31, 41, 61, 69, 76, 81]. The Defendant's COVID-related risks also have been diminished with the widespread vaccination of both inmates and staff throughout the BOP. Although the Defendant initially refused vaccination in July and August 2021, he agreed to be vaccinated in May 2022 after he recovered from the virus. [Doc. 40 at 64]. The fact that

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed May 18, 2023).

the Defendant faces a potential risk of contracting the virus again while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

The Defendant's other asserted health conditions either do not exist or do not enhance his COVID risk. Although the Defendant asserts that he suffers from high blood pressure (hypertension), his medical history indicates otherwise. [Doc. 40 at 30, 36, 41, 47]. He also claims to have a "terminal illness," but his medical records do not support this assertion. The Defendant does suffer from Keratoconus, a disease of the eye, but the medical records reflect that this disease is well-controlled in the prison setting and that he is receiving appropriate care while incarcerated for this condition. [Id. at 1-3, 19-20, 62].

For all these reasons, the Court concludes none of the grounds cited by the Defendant, considered either singly or in combination, constitute extraordinary and compelling reasons for his early release.

Even if the Defendant could establish an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant is 44 years old and has a significant criminal history dating back to when the Defendant was just seventeen years old. [Doc. 26 at 12-16]. His criminal history includes convictions for felony indecent liberties with a child, being a felony sex offender on school grounds, being a felon in possession of a firearm, as well as multiple convictions for drug possession. [Id.]. While the Defendant claims that his "recidivism level is at a low to medium and [he is] not a violent offender [and does not] have a violent crime" [Doc. 36 at 4], these claims are belied by both his extensive criminal history and the BOP's categorization of him as a "High Risk Level Inmate" and "High Violent Level." [Doc. 39-2 at 3].

While the Defendant reports an employment history including as a supervisor at Mountain Ridge Land Maintenance, he also reports an extensive history of drug abuse. [Doc. 26 at 24-25]. The Defendant reported daily use of methamphetamine prior to his arrest. [Id. at 24]. Further, his

request for compassionate release comes when he has served only a fraction of his 92-month sentence.

The Defendant has not offered any justification for the Court considering the § 3553(a) factors any differently than it did at the time of the Defendant's sentencing in April 2021. Having considered those factors again, the Court concludes that the need for deterrence, to provide just punishment, and to protect the public all weigh in favor of the Defendant continuing to serve his sentence as originally imposed.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

### B. Motion for Appointment of Counsel

The Defendant also moves for the appointment of counsel to represent him in connection with litigating his request for compassionate release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing

Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)). The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Defendant has already filed a motion for compassionate release outlining the grounds for his motion. Accordingly, the Court concludes that the interests of justice do not require the appointment of counsel in this case. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

### C. Government's Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 40] filed in support of its Response to the Defendant's Motion for Compassionate Release. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 41].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

9

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on January 27, 2023, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release)" [Doc. 36] is **DENIED**;

(2) The Defendant's Motion for Appointment of Counsel [Doc. 36] is **DENIED**; and

(3) The Government's Motion to Seal [Doc. 41] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 41] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 25, 2023

Martin Reidinger
Chief United States District Judge